(63 App. Div. 44.)

## FLEISCHER v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   July 9, 1901.)

CONTRADICTION OF WITNESS—PRIOR STATEMENTS.

   The party who calls a witness cannot show by other witnesses, or by an affidavit formerly sworn to by such witness, that he has made prior contradictory statements.

Appeal from trial term, New York county.

Action by Hester Fleischer, as administratrix, against the Metropolitan Street-Railway Company.   From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

Alfred C. Cowan, for respondent.

O'BRIEN, J.   One of the exceptions to a ruling allowing certain evidence to be introduced is fatal to the judgment.   A Mr. Warren was called as a witness by the plaintiff, and, no doubt to the surprise of the counsel calling him, gave testimony which was unfavorable to the plaintiff, and rather tended to exonerate the defendant from liability.   He was then asked if he had made an affidavit in conflict with his sworn testimony, to which he replied that he had never made an affidavit, but that he was requested to sign his name to a piece of paper by plaintiff's attorney without having previously been asked any questions about it.   The witness further stated that the plaintiff's counsel had told the witnesses, including himself, who were present at his office, just what testimony he expected them to give. The affidavit was then read to the witness sentence by sentence, for the purpose of showing that this witness had made a statement under oath in direct conflict with what he testified to on the stand. In addition, other witnesses were brought forward by the plaintiff to disprove the serious charge made against the attorney, and to show that at his office the witnesses appeared,—among them, this particular witness, Warren, who made and swore to the affidavit. All this was allowed over the defendant's objection and exception; and although it seems a harsh rule, and it is one which has provoked much discussion and debate,—that a party who calls a witness, and who is surprised by the testimony given, may not show that the witness had made prior contradictory statements,—the rule is too well settled in this state to be now disturbed.   A full discussion of this subject will be found in the case of Becker v. Koch, 104 N. Y. 394, 10 N. E. 701, wherein it is said:

   "The authorities in England were in conflict, many of the judges thinking it allowable to prove prior contradictory statements by a witness; but the weight of authority was against it, thereby creating the occasion for an interference by the legislature with the law of evidence, which passed an act permitting just such evidence under certain restrictions.   See Common Law Procedure Act 1854 (17 & 18 Vict. c. 125, § 22).   The nonadmission of such evidence in the courts of this state is, of course, not open to discussion."

Although, therefore, in England and in many of the states a different rule prevails (see Stev. Dig. Ev. [Chase's Ed.] art. 131), such rule has never been sanctioned in this state; and for the error in admitting the evidence referred to the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.